UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE MANUEL MARCANO BRITO,

                Petitioner,

v.

UNKNOWN PARTY #1 et al.,

                Respondents.

_____/

Case No. 1:26-cv-1717

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.4.)

In an Order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the April 6, 2026, bond hearing on June 4, 2026. (Resp., ECF No. 8; Recording of Apr. 6, 2026, Bond Hearing, filed on Jun. 4, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. Op., *Jose Marcano Brito* v. *Kevin Raycraft* (*Marcano Brito I*), No. 1:26-cv-833 (W.D. Mich. Mar. 27, 2026). On December 30, 2025, ICE agents arrested Petitioner. *Id.*

On March 13, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Marcano Brito I*. In *Marcano Brito I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Marcano Brito I*, (W.D. Mich. Mar. 27, 2026), (ECF Nos. 6, 7).

On April 6, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Report, *Marcano Brito I*, (W.D. Mich. Apr. 8, 2026), (ECF No. 8.) At that hearing, the Detroit Immigration Court denied Petitioner's request for bond. Bond Order, *Marcano Brito I*, (W.D. Mich. Apr. 8, 2026), (ECF No. 8-1).

On June 2, 2026, the Detroit Immigration Court denied Petitioner's application for asylum and withholding of removal and ordered Petitioner removed to Venezuela. (Removal Order, ECF No. 8-2, PageID.81–84.) Petitioner waived his right to appeal that decision. (*Id.*, PageID.84.)

### III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that Petitioner's § 1226(a) bond hearing was defective. Respondents counter Petitioner's arguments by arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

Here, Petitioner waived his right to appeal the June 2, 2026, order of removal. Therefore, Petitioner's order of removal became final at that time. *See* 8 U.S.C. § 1101(a)(47)(B) (explaining that, for the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals"). As a result, Petitioner is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information presently before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

## **<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:      June 11, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge